**William T. WARFORD, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Dec. 12, 1975.

William P. Hurley, Jr., Louisville, for appellant.

Henry V. B. Denzer, Hogan, Taylor, Denzer & Bennett, Louisville, for appellee.

VANCE, Commissioner.

This is an appeal from a summary judgment which dismissed appellant's claim.

On August 21, 1971, appellant purchased a 1971 Chevrolet truck. He traded in a 1960 GMC panel truck and a 1963 Chevrolet step van. At the time of the trade he also owned a 1970 passenger automobile. Both

the passenger automobile and the 1960 GMC panel truck were insured with State Farm Mutual Insurance Company but the 1963 van was not insured. The policy of insurance on the passenger automobile contained collision coverage.

On August 23, 1971, before appellant had obtained any insurance upon the new truck, he was involved in a collision which totally destroyed the new truck. The question in issue is whether the policy of insurance on the passenger automobile can be applied to the new truck under the provisions of the policy relating to "newly acquired automobiles." That provision is as follows:

"NEWLY ACQUIRED AUTOMOBILE— means an *automobile,* ownership of which is acquired by the named insured or his spouse, if a *resident* of the same household, if

(1) it replaces an *automobile* owned by either and covered by this policy, or the company insures all *automobiles* owned by the named insured and such spouse on the date of its delivery, and

(2) provided that no insurance shall be applicable to such *newly acquired automobile* unless as a condition precedent the named insured within 30 days following such delivery date applies to the company for insurance on such *newly acquired automobile.*

"If more than one policy issued by the company could be applied to such *automobile* the named insurer shall elect which policy shall apply. The named insured shall pay any additional premium required because of the application of the insurance to such *newly acquired automobile.*"

The policy defines automobile as follows:

"*Automobile*—means a four wheel land motor vehicle designed for use principally upon public roads, but 'automobile' shall not include a midget automobile, nor *any vehicle while located for use as a residence or premises.*"

It is appellant's contention that when he purchased the new truck State Farm Automobile Insurance Company insured all of the automobiles owned by him and that he, within thirty days of purchase, applied for insurance on the newly acquired truck, albeit at that time the new truck was totally demolished.

State Farm concedes appellant's right to coverage if it. did insure all automobiles owned by appellant when he purchased the new truck but State Farm relies upon the fact that it did not insure the 1963 Chevrolet step van. Appellant contends the 1963 Chevrolet step van was not an automobile as that term was defined in the policy since it came within the exclusion of *any vehicle while located for use as a residence or premises.*

The facts which give rise to this contention are that the inspection sticker on the 1963 Chevrolet step van expired in May 1971 and it could not be economically repaired so as to pass inspection. Appellant parked the van on the north side of his house and commenced using it as a storage shed for plumbing tools and equipment he used in his business and also for storage of some household goods. The wheels of the van were jacked up and the van placed upon concrete blocks and thereafter it was used for storage purposes only.

The policy defines automobile as a four-wheel land motor vehicle designed for use principally upon public roads and without doubt the 1963 Chevrolet step van comes within that definition but the policy goes on to exclude from classification as an automobile *any vehicle while located for use as a residence or premises.*

State Farm maintains that the exclusion obviously refers to vehicles not designed "for use principally upon public roads" such as trailers which must be pulled and mobile homes which do not operate by motors but which are frequently used as residences.

■ We think the exclusion is more ambiguous than obvious. If its only purpose were to exclude trailers and mobile homes

not operated by motor the phrase is pure surplusage because those vehicles would not qualify as automobiles under the first part of the definition. More likely the exclusion was intended to exclude coverage of a vehicle that would otherwise qualify under the definition of an automobile except for the fact that it was located for use as a residence or premises. In any event the exclusion is subject to different interpretations and should therefore be construed most strongly against the insurer.

We think the policy is subject to the interpretation that a four-wheel land motor vehicle designed for use principally upon public roads ceases to be an automobile if the owner locates it for use in such a manner that it becomes a part of his premises.

The policy does not define the word "premises" but there is no question the van was located for use as a storage shed. Under any ordinary usage of the word a storage shed would constitute a part of the premises.

We conclude that State Farm insured all of the automobiles owned by appellant when he purchased the new truck. The new truck thus became a "newly acquired automobile".

The judgment is reversed with directions that a new judgment be entered for appellant on the issue of liability and the issue of damages shall be submitted to a jury.

All concur.